UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BILLIE HOLT,

                            Plaintiff,                13-CV-6142T

              v.                                      **DECISION**
                                                      **and ORDER**
CROSSMARK/SAM'S CLUB,

                            Defendants.
_____

## INTRODUCTION

Plaintiff Billie Holt, ("Holt"), proceeding pro se, brings
this action pursuant to the Americans with Disabilities Act ("ADA")
and the New York Human Rights Law claiming that defendants
Crossmark and Sam's Club unlawfully discriminated against her on
the basis of a disability.  Specifically, plaintiff, who is a
former employee of Crossmark, claims that she was retaliated
against, not promoted, and ultimately fired from her employment
because of a disability.   Defendants deny plaintiff's claims
and move to dismiss plaintiff's Complaint on grounds that plaintiff
has failed to state a cause of action for employment
discrimination.  Defendant Crossmark contends that plaintiff has
failed to allege that she is disabled under the ADA; that Crossmark
failed to accommodate any disability; and that plaintiff has failed
to exhaust her claims with respect to her claims that she was not
promoted or retaliated against.  Defendant Sam's Club moves to
dismiss plaintiff's complaint on grounds that plaintiff failed to
administratively exhaust any claims against Sams's Club, and that

Sam's Club may not be held liable for employment discrimination because Sam's Club was not plaintiff's employer. For the reasons set forth below, I grant defendants' motions to dismiss plaintiff's Complaint.

BACKGROUND

Plaintiff Billie Holt brings this action pro se, and has failed to respond to the defendants' motions to dismiss. The claims set forth in her Complaint are extremely sparse, and fail to include crucial details that would allow the court evaluate her claims in an exhaustive manner. For example, although plaintiff alleges that she was discriminated against on the basis of a disability, plaintiff fails to allege what her alleged disability is, and how any disability may affect her ability to perform her job functions. With respect to her employment, plaintiff fails to allege the dates of her employment, referring only to certain months in which she was employed, but not identifying the year. Additionally, plaintiff fails to identify what she did as an employee of Crossmark

Based on facts set forth in the defendants' motion papers, which plaintiff has failed to rebut, it appears that Holt was hired by Crossmark in June 2010, to conduct in-store demonstrations and promotions at one or more Sam's Club locations. Crossmark, according to an Exhibit attached to defendant Sam's Club Complaint, is a "professional marketing service" that conducts promotional

events inside of Sam's Clubs stores, for the purpose of increasing interest and sales of goods sold by Sam's Club. According to Crossmark, plaintiff worked for Crossmark from June 2010 until April 2011.

Plaintiff alleges that in July (presumably of 2010), she was promoted to the position of Assistant Manager. She then states in her Complaint that: "November Manager became unavailable." she repeats the identical allegation for December, January, February, and March, presumably from 2010 to 2011. It is not clear to the Court what plaintiff is attempting to claim with these allegations. Plaintiff then alleges: "April Terminated and told because I was disabled and Alanna Salls did not know." Alanna Salls is not otherwise identified in the Complaint, and the Court presumes that plaintiff alleges that she was fired in April, 2011.[1] Plaintiff goes on to state that:

> [d]uring the time I worked for Crossmark inside of Sam's Club, Shelly the Sam's Manager would harass me, as well as other workers. Shelly and her cohorts lied about me and said I steal from Sam's Club which is not true. This is on my record. Wal-mart refused to hire me as store manager in Greece because of Crossmark's referral about Sam's Club.

Shelly is not further identified in the Complaint. Finally, despite not identifying her alleged disability, she claims that the first date on which she asked for an accommodation of her

---

[1] Alanna Salls is identified as a District Supervisor for defendant Crossmark in plaintiff's administrative complaint.

disability was June 8, 2012, two years after she began her employment, and more than one year after she was fired.[2]  She claims that the accommodation for her disability provided by Crossmark was that she was allowed to use her own sitting stool for 10 minutes every hour, and later on during her employment, for 10 minutes every two hours.

According to Crossmark, plaintiff was fired in April, 2011 after she was observed stealing items from Sam's Club.  Crossmark further alleges that plaintiff failed to run promotional events at Sam's Club stores.

DISCUSSION

I.   Legal Standards for evaluating a Motion to Dismiss

Defendants move to dismiss plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure claiming that plaintiff has failed to state a cause of action, her claims are untimely, and that she has failed to exhaust her administrative remedies.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated

_____

[2] Despite alleging that she did not inform Crossmark of her disability until June 8, 2012, plaintiff alleged in her administrative complaint that she requested an accommodation while employed, and that she was terminated when she tried to use her accommodation.  Plaintiff does not identify her alleged disability in the administrative complaint, nor does she identify the accommodation requested.

any valid ground for relief. <u>Ferran v. Town of Nassau</u>, 11 F.3d 21, 22 (2d Cir. 1993), <u>cert.</u> <u>denied</u> 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998).

II. <u>Plaintiff has Failed to State a Claim of Disability Discrimination against either defendant</u>.

A. <u>Defendant Sam's Club</u>

With respect to defendant Sam's Club, the plaintiff failed to exhaust her administrative claims against Sam's Club, and thus is barred from bringing her discrimination claims against Sam's Club in this Court. It is well-settled that "the exhaustion of administrative remedies is a prerequisite to a civil action in federal court on a claim under the ADA." <u>Paluh v. HSBC Bank USA</u>, 409 F.Supp.2d 178, 196 (W.D.N.Y., 2006) (Foschio, M.J.)(<u>citing Curto v. Edmundson</u>, 392 F.3d 502, 503 (2d Cir. 2004). "A plaintiff's failure to exhaust administrative remedies as to an ADA claim renders the district court without jurisdiction over such claims in a civil action in federal court." <u>Paluh</u>, 409 F.Supp.2d at 196 (citing <u>Polera v. Board of Educ. of Newburgh Enlarged City</u>

5

<u>School District</u>, 288 F.3d 478, 480 (2d Cir.2002). Because in this case, Holt failed to raise any claims against Sam's Club in her administrative complaint, she may not raise any such claims against Sam's Club in this action. Sam's Club is a distinct corporate entity from Crossmark, and there is no corporate relationship between the two companies. Accordingly, because Sam's Club was not named in the plaintiff's administrative complaint, and because Sam's Club is not a parent, subsidiary, or in any other way corporately related to Crossmark, the claims against Sam's Club must be dismissed with prejudice as a result of plaintiff's failure to exhaust her administrative claims. Because plaintiff also failed to exhaust her claims under New York State law, her state-law claims are dismissed with prejudice as well.

    B.   <u>Defendant Crossmark</u>.

    With respect to defendant Crossmark, plaintiff failed to raise any claim of retaliation or failure to promote in her administrative complaint, and therefore, those claims are barred for failure to exhaust. Claims not asserted in an administrative complaint may be asserted in federal court only if the claims asserted in the federal-court action are "reasonably related" to the claims asserted in the administrative proceedings. <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 83 (2nd Cir. 2001). A claim made in a federal action is considered reasonably related to a claim made in an administrative action if "the conduct complained

of would fall within the 'scope of the [administrative] investigation which can reasonably be expected to grow out of the [administrative] charge . . . .'" <u>Fitzgerald v Henderson</u>, 251 F.3d 345, 359-60 (2nd Cir. 2001)(quoting <u>Cornwell v. Robinson</u>, 23 F.3d 694, 706 (2nd Cir. 1994)); <u>Butts v City of New York Dept. of Hous. Pres. & Dev.</u>, 990 F2d 1397, 1401-1403 (2nd Cir. 1993). In the instant case, plaintiff has failed make any factual allegations supporting her claim that she was retaliated against because she complained of discrimination. She makes no allegation that she engaged in any protected activity during her employment, or that adverse employment action was taken against her. With respect to failure to promote, she has not alleged that she applied for any position, or that she was denied any promotion under circumstances giving rise to an inference of discrimination. As a result, the court can not conclude that the conduct complained of in the federal Complaint is reasonably related to the conduct alleged in the administrative action. Because there is no evidence suggesting that conduct giving rise to plaintiff's retaliation or failure to promote claims is related to the conduct complained of in her administrative complaint, these claims must be dismissed for failure to exhaust.

With respect to her claim that she was fired because she is disabled, plaintiff has failed to allege or establish that she is disabled under the ADA, that Crossmark knew or regarded her as

being disabled under the ADA, or that she was fired as a result of her alleged disability.

Section 12112 of the ADA prohibits discrimination against qualified individuals with a disability with respect to conditions of employment including hiring, advancement, discharge and compensation. 42 U.S.C.A. § 12112(a) (1995). To state a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that (1) she is a handicapped person within the meaning of the ADA; (2) she is otherwise qualified to perform the duties of her former job; (3) adverse employment action was taken against her because of her handicap; and (4) her employer is subject to the anti-discrimination provisions of the ADA. <u>Joyce v. Suffolk County</u>, 911 F.Supp. 92, 94 (E.D.N.Y. 1996) (citations omitted). It is well settled under federal law, however, that the mere presence of a medical condition or impairment suffered by a plaintiff does not establish that the plaintiff is disabled under the ADA. <u>Capobianco v. City of New York</u>, 422 F.3d 47, 57 (2d Cir.2005) ("Not every impairment is a 'disability' within the meaning of the ADA"); 29 C.F.R. § 1630.2(j)(ii)("not every impairment will constitute a disability within the meaning of this section.") Rather, to establish the existence of a disability, a plaintiff must demonstrate that he or she suffers from a physical or mental impairment that "substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(2)(A). "Major life

activities" are defined in the regulations promulgated by the EEOC as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii).

To be "substantially impaired" from performing a major life activity, a plaintiff must have an impairment that "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 196-197. Moreover, "[t]he impairment's impact must also be permanent or long term." Id. at 198. See also Williams v. Salvation Army, 108 F.Supp.2d 303, 312-313 (S.D.N.Y.2001) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities") (internal quotation marks and citations omitted); 29 C.F.R. § 1630.2(j)(1)(i)-(ii)(A major life activity is substantially limited when an individual cannot perform an activity that an average person in the general population could perform, or faces significant restrictions in the "condition, manner, or duration under which the individual can ... perform [the] activity.") Finally, the determination of whether or not a person suffers a disability under the ADA "is an individualized inquiry" that does not rest on the mere diagnosis of an impairment. Sutton v. United Airlines, 527 U.S. 471, 483 (1999). Instead, courts are to look to "the effect of [an] impairment on the life of

the individual." 29 CFR pt. 1630, App. § 1630.2(j). <u>See also</u>, <u>Reeves v. Johnson Controls World Servs., Inc.</u>, 140 F.3d 144, 151 (2d Cir.1998)(disability determinations to be made on an individualized case-by-case basis).

In the instant case, plaintiff has failed to allege that she is a qualified person with a disability, or that she was regarded by Crossmark to be a qualified person with a disability. There is no allegation in the Complaint of the nature of plaintiff's alleged disability, or any indication that the disability is one which would severely impair, on a permanent or long term basis, participating in a major life activity. Plaintiff has not opposed the defendants' motion, and accordingly, she has not supplemented the allegations made in the Complaint. Moreover, plaintiff has failed to allege that Crossmark was aware that she suffered any disability during the time she worked for the defendant. Although plaintiff was hired in June, 2010, and her employment was terminated in April 2011, she claims that she did not inform Crossmark of her alleged disability until June 8, 2012, over one-year after she was fired.[3] Because plaintiff has failed to allege that she suffered a disabling condition, or that Crossmark knew or

---

[3] While it is possible that plaintiff intended to identify June 8, 2010 (not 2012) as the date on which she first informed defendant Crossmark of her alleged disability, there is no factual allegation in the Complaint setting forth what she told Crossmark on that date. Accordingly, there is no allegation that plaintiff informed Crossmark that she suffered from a disability recognized under the ADA, or that she required a reasonable accommodation to accommodate her disability.

believed that she suffered from a disabling condition, Crossmark's motion to dismiss plaintiff's claim must be granted. <u>See</u> <u>Graves v. Finch Prawn & Co.</u>, 457 F.3d 181, 184 (2d Cir., 2006)(employee responsible for making employer aware of disability and need for accommodation). Because claims of disability discrimination under New York State Law are analyzed under the same standards applicable to the ADA, for the reasons stated above, plaintiff's state-law claims of discrimination are dismissed. <u>Parinello v. Bausch & Lomb</u>, 2013 WL 1680152 at * 13 (W.D.N.Y., April 17, 2013)("legal standards for discrimination and retaliation claims under the Human Rights Law are analytically identical to claims brought under the ADA.").

CONCLUSION

For the reasons set forth above, I grant defendants' motion to dismiss. Plaintiff's claims against defendant Crossmark are dismissed, and plaintiff's claims against defendant Sam's Club are dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
June 27, 2013